B.T. EXPLORATIONS, INC., Plaintiff-Appellant, v. DAVID STANLEY, d/b/a Stanley Law Offices, Defendant-Appellee.

Fifth District   No. 5—88—0505

Opinion filed August 11, 1989.

24

Peter K. Woody, of Springfield, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (George W. Spellmire, Bruce L. Carmen, and Debra A. Winiarski, of counsel), for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Plaintiff, B.T. Explorations, Inc., appeals the dismissal with prejudice of its third amended complaint alleging legal malpractice against defendant, David L. Stanley, doing business as Stanley Law Offices. The third amended complaint was dismissed with prejudice by order of the circuit court of White County dated July 18, 1988. We affirm.

Plaintiff's third amended complaint, filed February 23, 1988, alleges that sometime prior to September 27, 1982, plaintiff retained and hired defendant to negotiate for it the purchase of a mineral leasehold estate on certain real estate. The complaint alleges that defendant was to examine the title of the seller, to ascertain the state of said title and any encumbrances thereon, to advise plaintiff of any problems with the title and to cure, if possible, any such problems or encumbrances. The complaint alleges that defendant undertook to examine said title for consideration and had a duty to exercise the ordinary care of an attorney as it relates to examining mineral titles. The complaint alleges that defendant verbally advised plaintiff that the seller had "good title" and that plaintiff could proceed with the purchase and would receive clear title.

Relying on defendant's advice, plaintiff purchased the seller's mineral estate and drilled and completed an oil well thereon. The complaint alleges that defendant breached his duty of reasonable care in the examination of the title in that the seller had no claim or interest in the real property and that defendant knew or should have known that the seller had no interest in the real estate. Finally, the com-

plaint alleges that plaintiff was damaged in the amount of the purchase price of the real estate and the cost of drilling and completing the oil well.

On March 28, 1988, defendant filed a motion to dismiss the third amended complaint for the reasons that: (1) plaintiff is judicially estopped from claiming that it did not receive clear title to the mineral estate when it had asserted under oath in a prior judicial proceeding that it did have clear title; (2) plaintiff did not list the pending lawsuit on its petition in bankruptcy and therefore should not be allowed to recover herein; and (3) plaintiff cannot demonstrate causation and damages because it voluntarily transferred its interest in the mineral estate to another and received consideration therefore. In a docket entry order dated July 18, 1988, the trial court dismissed plaintiff's complaint with prejudice, "adopting the argument of Judicial estoppel cited by the defendant."

Plaintiff appeals, arguing that all the requirements necessary for application of the doctrine of judicial estoppel have not been satisfied. We find it unnecessary to discuss the propriety of the application of the doctrine of judicial estoppel to this case because we find that the judgment of the circuit court may be affirmed on a different basis.

■ It is well settled that a reviewing court is not bound by the reasons given by the trial court for its judgment and the judgment of the trial court may be affirmed upon any ground warranted in the record, regardless of whether it was relied on by the trial court. (*Alexander v. DePaepe* (1986), 148 Ill. App. 3d 831, 836, 499 N.E.2d 1065, 1068.) Defendant argues in his brief, and we agree, that plaintiff's third amended complaint was properly dismissed with prejudice because it failed to state a cause of action, was plaintiff's fourth attempt at stating a cause of action and was not substantially different than the complaints that had come before.

■ In order to state a cause of action for legal malpractice, a plaintiff must allege facts demonstrating: (a) the existence of an attorney/client relationship; (b) a duty arising from that relationship; (c) a breach of that duty on the part of defendant/counsel; (d) proximate cause; and (e) damages. *Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 122, 502 N.E.2d 1186, 1190.

■ Defendant argues that the complaint does not set forth sufficient facts to demonstrate a breach of duty because it does not allege that had defendant done what he was hired to do he would have discovered a title defect. Plaintiff's complaint alleges that defendant breached his duty of reasonable care to plaintiff in the examination of the title because the seller did not have title to the real estate and

defendant knew or should have known seller did not have title. That defendant "knew or should have known" that the seller did not have title to the real estate is a mere conclusion and is not supported by any facts. The complaint does not allege that there was a defect in the record chain of title, what that defect was or, most importantly, that the defect was one which defendant should have discovered in the exercise of reasonable care. Although pleadings are to be liberally construed, a complaint must, nevertheless, contain facts necessary to state a cause of action. (*Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 474, 376 N.E.2d 991, 992.) A complaint fails to state a cause of action when it omits facts the existence of which are necessary for plaintiff to recover. (*Ritchey*, 71 Ill. 2d at 474-75, 376 N.E.2d at 992.) The third amended complaint does not plead sufficient facts to establish a breach of duty by defendant.

■ Although we find that the third amended complaint was properly dismissed, we must now determine whether dismissal with prejudice was appropriate. A complaint may be dismissed with prejudice if it furthers the ends of justice. Thus, the court may determine the ultimate efficacy of a claim and whether plaintiff had previous opportunities to assert his claim. (*Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 749, 431 N.E.2d 1175, 1182.) Plaintiff's third amended complaint was its fourth attempt to state a cause of action against defendant. The series of complaints did not differ substantially from one another. We find that plaintiff has had adequate opportunity to state a cause of action against defendant and has failed to do so. A party does not have a right to unlimited amendment. (*Plocar*, 103 Ill. App. 3d at 750, 431 N.E.2d at 1182.) Plaintiff's third amended complaint was properly dismissed with prejudice.

For the foregoing reasons the judgment of the circuit court of White County is affirmed.

Affirmed.

RARICK and GOLDENHERSH, JJ., concur.