DAVID HANSON, Plaintiff-Appellant, v. HYATT CORPORATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—0257

Opinion filed March 30, 1990.—Rehearing denied April 30, 1990.

---

Edward J. Kionka, of Murphysboro, and John C. Erb, of Paul B. Episcope, Ltd., of Chicago, for appellant.

O'Connor, Schiff & Myers, of Chicago (Elliot R. Schiff, William C. Brittan, and Loretta M. Griffin, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff David Hanson appeals from three orders of the circuit court of Cook County relative to a negligence action against defendants Hyatt Corporation, Hyatt House of Illinois, Inc., and Chicago Title & Trust, as trustee under trust No. 43151, for personal injuries sustained by him after diving into a swimming pool at defendants' Hyatt Lincolnwood Hotel. Specifically, he seeks reversal of the court's order of October 9, 1987, dismissing Hanson's third amended complaint with prejudice and entering judgment in favor of Hyatt Corporation and Hyatt House of Illinois, Inc., an order entered on September 21, 1987, granting the Hyatt defendants' motion to dismiss his

third amended complaint, and an order entered on December 31, 1988, dismissing his third amended complaint with prejudice as against Chicago Title & Trust. Hanson argues on appeal that the trial court erred in determining that his complaint failed to state a cause of action. For the reasons set forth below, we affirm.

Hanson's third amended complaint alleged that on June 30, 1983, he was not a registered guest at the Hyatt Lincolnwood Hotel but that he was a frequent visitor and user of the various common areas and facilities of the hotel, including the swimming pool; that the swimming pool was not fully enclosed and was open to access by the public at large; that he entered upon Hyatt's premises pursuant to Hyatt's "implied invitation"; that Hyatt either had actual knowledge of his presence or had knowledge of facts from which it should have anticipated his presence; that he dove into Hyatt's pool and sustained injuries which rendered him a quadriplegic; and that he was 19 years old at the time of the accident. Further, in counts I and II of the complaint, in which Hanson respectively claimed an invitee status and licensee status on Hyatt's premises pursuant to an "implied invitation," he alleged as a basis for recovery that his injuries were proximately caused as a result of Hyatt's negligence in operating the swimming pool without adequate safety equipment, without adequate water depth markings, and without warnings concerning the danger of diving into the pool. In count III of the complaint, which alleged wilful and wanton conduct on the part of Hyatt, Hanson did not claim any status, although he reasserted that he had an "implied invitation" to be upon Hyatt's premises. The charged basis for recovery in count III was that Hyatt lowered the water depth in the pool without any indication that it had done so, inaccurately marked the water depth, failed to illuminate the pool area, and failed to warn of the dangers of diving.

At a hearing on Hyatt's motion to dismiss Hanson's third amended complaint, Hanson explained the circumstances under which he entered Hyatt's premises, *i.e.*, that he entered the pool area sometime after 9:30 p.m. through a gap/hole in a fence surrounding the pool, it was dark, and the lights around the pool area were off.

■■ ■ It is well settled that a motion to dismiss for failure to state a cause of action admits all facts well pleaded and reasonable inferences to be drawn therefrom. A motion to dismiss should not be granted unless it clearly appears that no set of facts could be proved under the pleadings which would entitle a plaintiff to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424.) Pleadings are to be liberally construed with a view to doing substantial justice between

parties, but even a liberal construction will not overcome the requirement that sufficient facts be alleged to state a cause of action. (*Church v. Adler* (1953), 350 Ill. App. 471.) The facts alleged by a plaintiff must support the requisite elements of a cause of action. In an action based on a negligence theory, those elements are duty on the part of the defendant to protect the plaintiff from injury of which he complains, breach of that duty, and injury to the plaintiff as a result of that breach. (*Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705.) Conclusory allegations as to any of these elements are wholly insufficient. *Klinefelter v. S.J. Groves & Sons Co.* (1972), 8 Ill. App. 3d 989.

In the instant case, Hanson argues that he properly alleged the element of duty in counts I and II of the complaint based upon Hyatt's "implied invitation" to him to enter upon its premises "for the purpose of inspection and use of its restaurant, gift shop, meeting rooms, lobbies, and swimming pool," as a licensee or invitee.[1] The implied invitation concerning his use of Hyatt's swimming pool is specifically based on the allegation that the pool "was not fully enclosed and was open to access by the public at large." In any event, Hanson argues that the question of his status was a question of fact for the jury, not the trial court, which determined that he was neither an invitee nor licensee but rather a trespasser.

■■ ■ We agree with Hanson that his entry status upon Hyatt's property would be a question of fact for the jury (see *Drews v. Mason* (1961), 29 Ill. App. 2d 269). However, prior to consideration of his status by a jury, Hanson was required to allege facts to support a relationship which imposed a duty on Hyatt to protect him from his injury. Invitee and licensee status, as claimed by Hanson in counts I and II of his complaint, has been defined as follows:

> "An invitee is a person who goes upon the premises of another by an express or implied invitation to transact business in which he and the owner have a mutual interest or to promote some real or fancied material, financial, or economic interest of the owner. [Citations.] A licensee is a person who goes upon the premises of another with the express or implied consent of the owner, to satisfy his own purposes rather than for the mutual benefit of himself and the owner or a purpose connected

[1]Hanson pleaded his cause of action pursuant to the common law rules with respect to the classification of entrants upon land, rather than the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, par. 301 *et seq.*), which did not become effective until 1984, after he was injured.

with the business in which the owner is engaged or permits to be carried on upon the premises. [Citations.]" (*Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87.)

A landowner has a duty to exercise reasonable care for the safety of an invitee. The duty owed to a licensee is not to wilfully and wantonly injure him and to use ordinary care to avoid injuring him after he is discovered in a place of danger. *Trout,* 36 Ill. App. 3d at 90.

■ Hanson argues that he properly alleged a duty owed to him by Hyatt, as discussed above, based on Hyatt's "implied invitation" to him to enter upon its premises. He appears to define an implied invitation as a failure by Hyatt to take reasonable steps to secure access to the pool area, presumably by closing up a hole in the fence through which he entered on the date of the accident, as he argued at the hearing on Hyatt's motion to dismiss. We find this argument without merit. As our supreme court stated in *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 157, "[t]o be upon premises by an implied invitation means that the person is there for a purpose connected with the business in which the owner of the premises is engaged." Here, Hanson simply failed to allege facts to support a position that he was using Hyatt's swimming pool for a reason connected with Hyatt's business. Counts I and II alleging the status of an invitee or licensee, therefore, do not allege facts sufficient to support Hanson's argument that he possessed either status and are merely a conclusory use of those terms. Accordingly, we find that the trial court properly dismissed counts I and II of Hanson's complaint.

■ In light of the foregoing, we find that Hanson's reasserted allegation of an implied invitation in support of an unspecified relationship with Hyatt in count III is also without merit. Additionally, as pointed out above, since Hanson failed to allege facts showing a relationship between himself and Hyatt, the trial court properly dismissed count III of his complaint, notwithstanding that it appears that he was a trespasser, as indicated during the hearing on Hyatt's motion to dismiss wherein Hanson explained that he had gained access to the swimming pool by passing through a hole in the fence which surrounded the pool after 9:30 p.m. when it was dark and the lights around the pool had been shut off. (See *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83 (a trespasser is one who enters the premises of another without permission, invitation, or other right, and intrudes for some purpose of his own, or at his convenience, or merely as an idler).) Had Hanson alleged these *facts* and *other facts* to support a position that as a trespasser Hyatt owed him a duty to not wilfully or wantonly injure him and to use ordinary care to avoid injuring him af-

ter being discovered in a place of danger, he would have properly stated a cause of action. The question of whether Hyatt's conduct was wilful and wanton in discovering the hole in the fence or not discovering it, which permitted access to the alleged dangerous condition of the swimming pool by trespassers, then would have been a question of fact for the trier of fact. (See *Soucie v. Drago Amusements Co.* (1986), 145 Ill. App. 3d 348.) It would have been for the jury to determine whether the alleged wilful and wanton injury to Hanson was intentional or " 'that the act was committed under circumstances exhibiting a reckless disregard for the safety of others, [including] failure, after knowledge of impending danger, to exercise ordinary care to prevent it, or reckless or careless failure to discover the danger when it could have been discovered by ordinary care.' " (*Soucie*, 145 Ill. App. 3d at 352, quoting *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429.) However, these allegations were made during the hearing on the motion to dismiss, not in count III of Hanson's complaint. Count III simply does not allege facts establishing a relationship between Hanson and Hyatt necessary to impose a duty owed to Hanson; it only alleges that he was not a registered guest. A court is bound to consider only those facts well pleaded and since no facts giving rise to a duty between the parties were alleged in count III of Hanson's complaint, that count was properly dismissed for failure to state a cause of action.

For the foregoing reasons, we affirm the orders of the trial court appealed from.

Affirmed.

COCCIA, P.J., and GORDON, J., concur.