KATHY BETTS, Plaintiff-Appellant, v. RAY CRAWSHAW, Defendant-Appellee.

Fifth District   No. 5—91—0670

Opinion filed August 10, 1993.

John D. Alleman, of R. Courtney Hughes & Associates, of Carbondale, for appellant.

Charles E. Schmidt and Stephen W. Stone, both of Brandon, Schmidt & Palmer, of Carbondale, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Kathy Betts, brought an action in the circuit court of Jackson County against the defendant, Ray Crawshaw, for injuries

sustained when a clothesline pole fell and struck her. Betts and her family leased a house from the defendant, Ray Crawshaw, pursuant to a verbal month-to-month lease. Two "T" shaped steel clothesline poles were located on the property. Both were rusted and unstable. On or about August 23, 1989, a horizontal crossbar on one of the poles fell and struck plaintiff as she was mowing her lawn. Betts suffered head and neck injuries.

Plaintiff filed a one-count complaint, and defendant moved for summary judgment. The motion was denied, and plaintiff subsequently added a second count sounding in *res ipsa loquitur*. Defendant filed motions to dismiss both counts. The trial court granted the motions to dismiss, finding that neither count stated a cause of action. Specifically, the trial court found that "[t]he amended complaint [did] not show that the defendant had knowledge of the defect with regard to the clothesline pole at the time the premises was rented to the plaintiff," nor any other time, and plaintiff failed to allege that inspection of the pole would have disclosed the dangerous condition. The trial court also stated that "summary judgment should be entered based on the fact that no party having contact with the clothesline pole had knowledge of any defect," but the parties disagree as to whether summary judgment was actually entered in favor of defendant.

On appeal, plaintiff argues that she adequately stated a cause of action under both count I and count II of her amended complaint.

Count I alleges in pertinent part:

"4. Immediately prior to the premises being rented to the Plaintiff by the Defendant, and at all times referred to herein, at the position where the poles intersected between the vertical pole and the horizontal pole, the weld which was performed to hold said poles together had sustained severe erosion and rusting which had caused the weld and the poles to deteriorate and become loose, unsecure and unstable.

5. That at all times referred to herein the Defendant reserved unto himself the sole right and responsibility for all maintenance, alteration, modification, repair and/or removal of said clothesline pole on the rental premises.

6. That the Defendant rented the premises to the Plaintiff when the subject clothesline pole closest to the home was in a dangerous condition due to the erosion and rusting around the weld of the two metal bars aforementioned making said bars loose, unsecure and unstable.
* * *

8. Then and there the Defendant breached his duty as a landlord to the Plaintiff as follows:

A. The defendant failed to perform an adequate inspection of the subject premises, and particularly of the clothesline pole at issue, prior to renting same to the Plaintiff when a careful and prudent inspection of said pole would have revealed it to be in a dangerous condition likely to lead to the 40 pound crossbar falling down and hitting and injuring an individual.

B. The Defendant failed to repair the subject clothesline pole when a careful inspection of same would have revealed it to be in the dangerous condition aforementioned.

C. The Defendant failed to warn the Plaintiff of the aforementioned dangerous condition when a careful inspection of same would have revealed the weld to have eroded and rusted such that the intersection of the two bars or poles had deteriorated and become loose and unsecure and unstable over time."

Count II alleges in pertinent part:

"7. The injuries sustained by the Plaintiff as hereinafter alleged were received from said horizontal cross-bar which was under the management of the Defendant-Landlord as alleged *supra*.

8. The injuries sustained by the Plaintiff as hereinafter alleged would not have occurred within the normal course of events if the Defendant-Landlord had exercised reasonable care in inspecting and maintaining said horizontal pole aforementioned."

On appeal, Betts argues that the trial court erred in dismissing her complaint for failing to state a cause of action. To sufficiently state a cause of action, a complaint must set forth a legally recognized claim and plead facts which bring the claim within the cause of action alleged. (*Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 513 N.E.2d 72.) In determining whether a cause of action should be dismissed for failure to state a cause of action, all well-pleaded factual allegations must be taken as true and all reasonable inferences must be construed in plaintiff's favor. (*Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 217, 517 N.E.2d 656, 659; *Long v. City of New Boston* (1981), 95 Ill. App. 3d 430, 420 N.E.2d 282.) A complaint should not be dismissed unless it clearly appears that no set of facts can be proved which will entitle plaintiff to re-

cover. *Anderson v. Marquette National Bank* (1987), 164 Ill. App. 3d 626, 627-28, 518 N.E.2d 196, 203.

In the present case, count I of plaintiff's complaint alleges a cause of action for negligence. To state a cause of action for negligence, a plaintiff must plead facts demonstrating that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that plaintiff was damaged as a proximate result of such breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.) Count I of plaintiff's complaint alleges that defendant had a duty to plaintiff by virtue of the fact that he reserved unto himself the sole right and responsibility for all maintenance, alteration, modification, repair, and/or removal of the clothesline pole, and that defendant breached this duty by one or more of the following: (1) failing to inspect the clothesline pole prior to tenancy; (2) failing to repair the clothesline pole during tenancy when adequate inspection would have revealed a dangerous condition; and (3) failing to warn plaintiff of the dangerous condition.

Generally, landlords are not liable for injuries occurring on premises leased to a tenant and under the tenant's control. (*Dapkunas v. Cagle* (1976), 42 Ill. App. 3d 644, 356 N.E.2d 575.) There are four exceptions to this rule:

> " '(1) where a latent defect exists at the time of the leasing, which defect is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant; (2) where the landlord fraudulently conceals from the tenant a known, dangerous condition; (3) where the defect causing the harm, in the law, amounts to a nuisance; and (4) where the landlord promises the tenant to repair the premises at the time of the leasing.' " *Dapkunas*, 42 Ill. App. 3d at 647, 356 N.E.2d at 577, quoting *Thorson v. Aronson* (1970), 122 Ill. App. 2d 156, 160, 258 N.E.2d 33, 34-35.

It is not sufficient for a complaint to merely allege that a duty exists; a plaintiff must allege facts from which the law will raise a duty. (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 523 N.E.2d 594.) Defendant maintains that plaintiff merely alleged duties to inspect and repair without alleging any facts establishing such duties.

With respect to the duty to repair, section 357 of the Restatement (Second) of Torts was adopted in *Looger v. Reynolds* (1975), 25 Ill. App. 3d 1042, 324 N.E.2d 238. Section 357 provides:

> "A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the

lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

    (a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

    (b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

    (c) the lessor fails to exercise reasonable care to perform his contract." Restatement (Second) of Torts § 357 (1965).

Plaintiff's complaint alleges in paragraph 5 of count I that defendant "reserved unto himself the sole right and responsibility for all maintenance, alteration, *repair* and/or removal of said clothesline pole." (Emphasis added.) Such language clearly supports a reasonable inference that defendant contracted, either as a provision of the lease or otherwise, to keep the clothesline pole in good repair. Such language also necessarily implies an agreement to inspect. We conclude that count I of plaintiff's complaint adequately states a cause of action for negligence.

■ Count II sets forth a cause of action for negligence based upon the doctrine of *res ipsa loquitur*. To state a cause of action for negligence based upon *res ipsa loquitur*, a plaintiff must allege facts showing: (1) plaintiff was injured in an occurrence which would not ordinarily occur absent some negligence; (2) by an instrumentality or agency under the management or control of the defendants; and (3) under circumstances indicating that the injury was not the result of any act or omission on the part of the plaintiff. *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 592, 491 N.E.2d 803, 809, citing *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 443 N.E.2d 569.

In the present case, count II alleges that the clothesline pole had sustained severe erosion and rusting which caused it to become unstable; that the pole fell on plaintiff, injuring her; and that such injuries would not have occurred within the normal course of events had defendant exercised reasonable care in inspecting and maintaining said pole. Together, these allegations clearly satisfy the first and third elements. The issue we must address is whether count II adequately alleges that the clothesline pole was under the management or control of the defendant.

Plaintiff argues that paragraph 5 of count II, which alleges "[t]hat at all times referred to herein the Defendant reserved unto himself the sole right and responsibility for all maintenance, alteration, modification, repair and/or removal of said clothesline pole," is sufficient

to allege that defendant retained control over the instrument which caused plaintiff's injury. We agree.

Illinois has adopted a flexible standard of control. (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 443 N.E.2d 569.) The control that must be established, or in this case alleged, is that necessary to support an inference that the defendant was negligent. (*Lynch*, 93 Ill. 2d at 274, 443 N.E.2d at 573.) As commentary to section 328D of the Restatement (Second) of Torts explains, the key question is whether the probable cause of the accident is one which the defendant was under a duty to anticipate or guard against. (Restatement (Second) of Torts §328D, Comment *g*, at 161 (1965).) Similarly, Prosser and Keeton provide: " 'Control,' if it is not to be pernicious and misleading, must be a very flexible term. It may be enough that the defendant has the right or power of control, and the opportunity to exercise it ***. It is enough that the defendant is under a duty which he cannot delegate to another ***." W. Keeton, Prosser & Keeton on Torts §39, at 250 (5th ed. 1984).

The allegation that defendant reserved the sole right to maintain the clothesline pole sufficiently alleged the requisite degree of control necessary. This allegation asserts that defendant reserved to himself the sole right and responsibility of maintaining the pole in good repair. If true, as we must assume it to be, defendant denied plaintiff any right to maintain or repair the pole and thus assumed the duty to anticipate and guard against any injury which might arise from the pole's condition. The allegation supports the inference that the defendant was necessarily negligent. This allegation and those discussed above sufficiently state a cause of action for negligence based upon *res ipsa loquitur*.

■ Finally, plaintiff argues that both count I and count II raise genuine issues of material fact such that summary judgment for defendant was improper. As noted above, the parties do not agree on whether summary judgment was entered. Both parties agree, however, that no motion for summary judgment was properly before the trial court and that this court should limit its review to the propriety of the motion to dismiss. Having reviewed the trial court's order, we believe that the trial court was merely expressing its opinion that summary judgment would have been appropriate, not actually entering summary judgment. Indeed, it would have been inappropriate for the trial court to simultaneously consider the legal sufficiency of the complaint and the propriety of summary judgment. Our supreme court expressly disapproved of this practice in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605:

"To combine an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried is likely to confuse both the parties and the court. If this sort of procedure were sanctioned, it would be left to the reviewing courts to sort matters out and to remand with directions to allow leave to amend the complaint, to require plaintiff to file counteraffidavits, or to provide other appropriate instructions. We therefore expressly disapprove the procedure followed in the trial court. *** When, and only when, a legally sufficient cause of action has been stated should the court have entertained the motions for summary judgment and considered the affidavits filed in support thereof." (*Janes*, 57 Ill. 2d at 406, 312 N.E.2d at 609.)

The various districts of this court have likewise condemned this dubious practice. (See *Barber-Colman Co. v. A & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215; *Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 571 N.E.2d 1107; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 450 N.E.2d 1360.) In any event, our resolution of the arguments with respect to the motion to dismiss is dispositive, and we need not address the propriety of summary judgment.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed and remanded.

Reversed and remanded.

CHAPMAN, P.J., and LEWIS, J., concur.