# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Lasota*, 2014 IL App (1st) 132009

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF ELZBIETA LASOTA, Petitioner-Appellee, and JANUSZ LUTEREK, Respondent-Appellant. |
| | |
| District & No. | First District, Third Division<br>Docket No. 1-13-2009 |
| | |
| Filed | August 13, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In marriage dissolution proceedings arising from circumstances showing that the parties were married in Poland, moved to Illinois, purchased real estate and were living in Illinois when respondent returned to Poland and obtained a judgment ending the marriage, and petitioner then filed a dissolution action in Illinois, the trial court did not err in finding that the Polish court did not have jurisdiction over petitioner, and that the Illinois court did have jurisdiction to dispose of the parties' marital property pursuant to section 503(d) of the Illinois Marriage and Dissolution of Marriage Act and award temporary maintenance and interim attorney fees; furthermore, the trial court did not abuse its discretion in denying respondent's motion to reconsider and properly held him in contempt for failing to comply with the trial court's order. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-D-940; the Hon. Debra B. Walker, Judge, presiding. |
| | |
| Judgment | Affirmed. |

Counsel on
Appeal

Paul J. Bargiel, P.C., and Donald M. Goldman, both of Chicago, for appellant.

Greg Gancarczyk, of Gan Law Group, of Chicago, for appellee.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1    While Janusz Luterek ended his nine-year marriage to Elzbieta Lasota by obtaining a judgment in Poland where the couple married, that was far from the conclusion of their dissolution proceedings, which took place in Illinois, where they had resettled before their marriage broke down. After the Polish court judgment was registered in Cook County, Elzbieta sought her share of the martial property and an award of temporary maintenance and attorney fees, all issues unaddressed by the Polish court. Janusz argued, however, that the court in Poland and not the circuit court in Cook County had jurisdiction to deal with the marriage, and, in any event, *res judicata* barred Elzbieta's petition. The circuit court rejected Janusz's contentions and held that under the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/101 *et seq.* (West 2012)), jurisdiction existed here because Janusz had not served Elzbieta with process and Elzbieta had not made a general appearance before the court in Poland. The circuit court then ordered Janusz to pay Elzbieta temporary maintenance and interim attorney fees and held him in civil contempt when he failed to comply.

¶ 2    Janusz seeks reversal of the order of civil contempt as void due to the circuit court's erroneous determination that Elzbieta had not appeared before the Polish court. The record, however, supports a finding that in addition to never having been served process, Elzbieta at no time submitted herself to the jurisdiction of the Polish court for purposes of the divorce. Therefore, we affirm.

¶ 3                                    BACKGROUND

¶ 4    Elzbieta Lasota married Janusz Luterek on July 8, 2000, in Lublin, Poland. During their marriage, the parties, who did not have children, bought a home and moved to Inverness, Illinois. On August 27, 2007, Janusz filed a petition for dissolution of marriage in Cook County. Janusz voluntarily dismissed the petition in September 2007, and in April 2008, filed a petition for dissolution of marriage in Lublin, Poland. On May 2, 2008, Elzbieta filed a petition for dissolution of marriage in Cook County. On March 24, 2009, the Cook County circuit court dismissed Elzbieta's marital dissolution petition on the basis that Janusz's petition was still pending in Poland.

¶ 5        On September 8, 2009, the court in Lublin entered a judgment for dissolution of the parties' marriage. The judgment did not address the division of the parties' real estate and other assets or the issues of maintenance, debts, or other financial issues. On January 31, 2011, Elzbieta filed a petition to register the Polish judgment in Cook County. Janusz filed a motion to dismiss alleging, in part, that the circuit court lacked jurisdiction to hear Elzbieta's petition. On March 10, 2011, after a hearing, the circuit court denied Janusz's motion to dismiss Elzbieta's petition and the Polish judgment for dissolution of marriage was registered in the Cook County circuit court. Elzbieta claimed the marital assets included $380,000 she transferred from a bank account in Poland to bank accounts in Illinois controlled by Janusz, as well as the marital home and real estate Janusz purchased with money from their joint bank accounts.

¶ 6        On April 1, 2011, Elzbieta filed a petition in the circuit court requesting disposition of the parties' marital property under section 503(d) of the Act (750 ILCS 5/503(d) (West 2012)). Section 503(d) permits the circuit court to dispose of marital property "following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property." *Id*. Thus, the circuit court's authority to dispose of the parties' marital property depended on its finding that the Polish court lacked jurisdiction over Elzbieta.

¶ 7        On May 16, 2011, Janusz filed a motion to dismiss Elzbieta's petition for disposition of marital property. Janusz alleged in count I that the circuit court lacked jurisdiction under section 2-619(a)(1) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(1) (West 2012)), because the parties were divorced in Poland not Illinois, and the order registering the Polish judgment did not confer jurisdiction under section 503(d) of the Act (750 ILCS 5/503(d) (West 2012)) on the circuit court to dispose of marital property. In count II, Janusz sought to bar Elzbieta's petition by "other affirmative matter" under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2012)), including a postnuptial agreement the parties executed that delineates the parties' interests in the marital assets under Polish law and Elzbieta's participation in the Polish divorce proceeding. In count III, Janusz sought to bar Elzbieta's petition under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2012)), because on December 10, 2008, she filed in the Polish court a "petition to obtain payment," which is still pending and involves the same funds she now claims in the petition she filed in Cook County.

¶ 8        On September 16, 2011, the circuit court, after hearing arguments, dismissed counts II and III but found the evidence insufficient to rule on count I, alleging lack of jurisdiction. The court noted that under section 503(d) of the Act (750 ILCS 5/503(d) (West 2012)), the court had subject matter jurisdiction to dispose of marital property if the Polish court lacked either personal jurisdiction over Elzbieta or jurisdiction to dispose of the property. The court gave the parties 60 days to submit additional and relevant documents relating to the Polish dissolution of marriage proceedings and memorandums regarding the Polish court's personal jurisdiction over Elzbieta.

¶ 9        On March 16, 2012, having considered the supplemental evidence, the circuit court issued a well-reasoned memorandum and order denying the remaining count I of Janusz's motion to dismiss. The circuit court determined under the doctrine of comity to follow the laws of Illinois because they provided greater due process safeguards than the laws of Poland. The circuit court concluded that the Polish court did not have personal jurisdiction over Elzbieta because she had not been properly served with Janusz's petition for dissolution of marriage under

- 3 -

section 2-203(a) of the Code (735 ILCS 5/2-203(a) (West 2012)) and no evidence in the record indicated that Elzbieta filed an appearance or the equivalent of an appearance in the Polish dissolution of marriage proceeding. The court also found that none of the documents submitted by Janusz, including answers to interrogatories and transcripts from proceedings in which Elzbieta and her Polish attorney did not appear or in which Elzbieta's Polish attorney sought to suspend the proceeding, showed that Elzbieta submitted to the jurisdiction of the Polish court or waived her objection to personal jurisdiction under section 2-301(a-5) of the Code (735 ILCS 5/2-301(a-5) (West 2012)). Thus, the court found it had subject matter jurisdiction under section 503(d) of the Act (750 ILCS 5/503(d) (West 2012)) to rule on her petition.

¶ 10    On April 4, 2012, Janusz moved for reconsideration. He attached to his motion a document entitled "Respondent's Motion and Answer to Petition" from the Polish proceeding. According to Janusz's motion, a translation of the petition (a translation Elzbieta disputed) showed that Elzbieta, through her Polish attorney, asked for dissolution of marriage due to the exclusive fault of Janusz and for attorney fees. Janusz contended that this document established that Elzbieta consented to the Polish court's jurisdiction and deprived the circuit court of jurisdiction.

¶ 11    The circuit court first noted that Janusz failed to cite legal authority for his motion to reconsider, which offered grounds for striking it *sua sponte*. Instead, the court opted to address the merits of the motion under section 2-1203(a) of the Code, which permits a party, within 30 days of the entry of a judgment in a nonjury case, to file a motion for a rehearing or retrial or a modification or vacation of the judgment. 735 ILCS 5/2-1203(a) (West 2012). The court determined that it could not consider the petition attached to the motion, purported to be Elzbieta's consent to the dissolution of her marriage in Poland, because Janusz failed to exercise due diligence in obtaining the document and providing it to the court before the March 16, 2012, ruling. The circuit court stated further that even if Janusz had exercised due diligence in producing Elzbieta's response, it would not have changed the court's ruling–"[t]he document as translated by Janusz (which Elzbieta argues is an inaccurate translation) contains multiple statements which indicate Elzbieta objected to the Polish court's jurisdiction over the dissolution of marriage proceedings." Thus, the circuit court denied the motion to reconsider.

¶ 12    On October 23, 2011, Elzbieta filed a petition seeking temporary maintenance under section 504(a) of the Act (750 ILCS 5/504(a) (West 2012)), and interim and prospective attorney fees under sections 501(c-1) and 508(a) of the Act (750 ILCS 5/501(c-1), 508(a) (West 2012)). On August 10, 2012, Janusz moved to dismiss Elzbieta's petition, again arguing that the Polish judgment was final in all respects and that under the principle of *res judicata*, the circuit court lacked jurisdiction to grant the temporary relief requested.

¶ 13    On September 14, 2012, the circuit court amended its order to include its jurisdiction to award both temporary maintenance and interim attorney fees. The court noted that section 504 permits the circuit court to award temporary or permanent maintenance "following dissolution of the marriage by a court which lacked personal jurisdiction." 750 ILCS 5/504(a) (West 2012). Based on its earlier finding that the Polish court lacked jurisdiction over Elzbieta, the circuit court held it likewise had jurisdiction to award temporary maintenance. The same reasoning applied to awarding interim attorney fees under section 508(a), which permits an award for the maintenance or defense of any proceeding under the Act. 750 ILCS 5/508(a) (West 2012).

- 4 -

¶ 14    On April 26, 2013, after an evidentiary hearing, the circuit court ordered Janusz to pay Elzbieta $30,000 in attorney fees and monthly maintenance in the amount of $1,500 plus $1,000 per month toward the $27,000 retroactive judgment entered in Elzbieta's favor, commencing on May 1, 2013. On May 29, 2013, after Janusz failed to pay Elzbieta the monthly and retroactive maintenance on May 1, the circuit court held Janusz in civil contempt.

¶ 15    On June 5, 2013, Janusz filed a notice of appeal from the circuit court's March 16, 2012, order denying his motion to dismiss Elzbieta's petition for disposition of property, the July 13, 2012, order denying Janusz's motion to reconsider, the September 14, 2012, order finding it had jurisdiction to award temporary maintenance and interim attorney fees, and the May 29, 2013, order holding him in civil contempt. On June 24, the circuit court approved a $30,000 appeal bond and directed the money be held by the Cook County circuit court clerk until the end of the appeal. The court also awarded Elzbieta $17,500 in appellate attorney fees but stayed the payment pending the mandate of the appellate court.

¶ 16                                    ANALYSIS
¶ 17                              Personal Jurisdiction
¶ 18    The circuit court's authority to dispose of the parties' marital property, to order Janusz to pay maintenance and attorney fees, and to hold him in contempt for disobeying its order is governed by sections 503(d) and 504(a) of the Act (750 ILCS 5/503(d), 504(a) (West 2012)) and turns, here, on the circuit court's finding the Polish court without jurisdiction over Elzbieta when it entered its judgment dissolving the parties' marriage. Section 503(d) provides:

> "[I]n a proceeding for disposition of property following dissolution of marriage *by a court which lacked personal jurisdiction over the absent spouse* or lacked jurisdiction to dispose of the property, the court shall assign each spouse's non-marital property to that spouse. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors ***." (Emphasis added.) 750 ILCS 5/503(d) (West 2012).

¶ 19    Section 504(a) similarly states:

> "In a proceeding *** for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a temporary or permanent maintenance award for either spouse in amounts and for periods of time as the court deems just ***." 750 ILCS 5/504(a) (West 2012).

¶ 20    According to Janusz, the circuit court erred in finding it had personal jurisdiction under sections 503(d) and 504(a) of the Act (750 ILCS 5/503(d), 504(a) (West 2012)) to grant the relief requested by Elzbieta. Although Janusz concedes that Elzbieta was not properly served under section 2-203 of the Code (735 ILCS 5/2-203 (West 2012)), he maintains she generally appeared and participated in the Polish proceeding to such an extent that she submitted herself to the Polish court's jurisdiction. Janusz points to powers of attorney Elzbieta gave two Polish lawyers to represent her, the pleadings those lawyers filed on her behalf, and a transcript from a September 8, 2009 hearing in Poland in which Elzbieta allegedly consented to an uncontested dissolution of marriage and agreed that each party should pay his or her own attorney fees. Janusz contends Elzbieta's participation in the Polish proceeding through her attorneys constitutes a submission to jurisdiction and forfeiture of her right to later contest personal jurisdiction. He cites several Illinois decisions indicating that a party waives objection to

personal jurisdiction by participating in a proceeding and, thereby, acknowledging the case. See, *e.g.*, *In re Marriage of Gorman*, 284 Ill. App. 3d 171, 178 (1996) (finding that circuit court had personal jurisdiction in dissolution action over wife who was not served with a summons but who recognized and participated in the case by signing and returning the forms necessary to the dissolution of marriage proceedings, including the judgment and settlement agreement). He asks for reversal of the denial of his motion to dismiss Elzbieta's petition, the order granting her temporary maintenance and attorney fees, and the order holding him in contempt.

¶ 21    When the trial court bases its decision regarding personal jurisdiction over a party solely on documentary evidence, we review a trial court's dismissal for lack of personal jurisdiction *de novo. McNally v. Morrison*, 408 Ill. App. 3d 248, 254 (2011). But when the trial court conducts an evidentiary hearing and hears testimony on jurisdictional issues, as here, a manifest weight of the evidence standard has historically been applied. *Madison Miracle Productions, LLC v. MGM Distribution Co.*, 2012 IL App (1st) 112334, ¶ 33. Under this standard, this court should reverse a trial court's determination "only when the opposite conclusion is clearly evident or where the factual findings upon which it is based are unreasonable, arbitrary, or not based on the evidence." *1350 Lake Shore Associates v. Randall*, 401 Ill. App. 3d 96, 102 (2010).

¶ 22    We disagree that Elzbieta submitted to the jurisdiction of the Polish court. That Elzbieta, who resided in Illinois, hired Polish attorneys and signed powers of attorney allowing an appearance on her behalf does not alone establish her participation in the Polish proceeding or her consent to the Polish court's jurisdiction. A party can hire an attorney to appear solely to object to a court's jurisdiction. See 735 ILCS 5/2-301(a) (West 2012) ("Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process.").

¶ 23    Further, the documents considered by the circuit court were either discovery documents which, under Illinois Supreme Court Rule 201(l) (eff. July 1, 2014), do not constitute waiver of that party's objection to the court's jurisdiction or transcripts and documents that do not show Elzbieta submitted to Polish jurisdiction. For instance, Janusz submitted an order from the Polish court that denied Elzbieta's motion to suspend proceedings and found it had jurisdiction and an order that denied her request to reconsider its prior finding that it had jurisdiction to hear the dissolution proceeding. As the circuit court observed, these orders demonstrate that the jurisdiction of the Polish court was a matter of dispute between the parties. Thus, we agree with the circuit court that the materials from the Polish proceeding show that Elzbieta objected to the Polish court's jurisdiction and did not acquiesce or otherwise submit herself to its jurisdiction.

¶ 24    Accordingly, the circuit court did not err in finding the Polish court lacked jurisdiction over Elzbieta in the dissolution proceeding. Moreover, its finding of jurisdiction under section 503(d) of the Act (750 ILCS 5/503(d) (West 2012)) to hear Elzbieta's petition to dispose of the marital property and award temporary maintenance and interim attorney fees under sections 504(a) and 501(c-1) and 508(a) of the Act (750 ILCS 5/504(a), 501(c-1), 508(a) (West 2012))

was not against the manifest weight of the evidence.

¶ 25                                     Denial of Motion to Reconsider

¶ 26       Janusz next contends the circuit court erred in treating his motion to reconsider the court's
March 16, 2012, order as a section 2-1203 motion and in refusing to consider Elzbieta's
response to his petition for dissolution of marriage on the ground that he failed to exercise due
diligence in producing the document. As noted, the circuit court found that Janusz had failed to
cite any legal authority for his motion and decided that instead of striking the motion, it would
consider the motion under section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2012)).

¶ 27       Janusz asserts the March 16, 2012, order denying his motion to dismiss was an
interlocutory order and not a judgment and thus the circuit court erred in relying on section
2-1203 in denying his motion to reconsider. See *Mund v. Brown*, 393 Ill. App. 3d 994, 996
(2009) (denial of motion to dismiss is not final and appealable order under Illinois Supreme
Court Rule 307 (eff. Feb. 26, 2010) but mere interlocutory order).

¶ 28       A motion to reconsider brings to the trial court's attention newly discovered evidence not
available at the time of the first hearing, changes in the law, or errors in the previous
application of existing law to the facts. *River Village I, LLC v. Central Insurance Cos.*, 396 Ill.
App. 3d 480, 492 (2009). A trial court is well within its discretion to deny the motion and
ignore its contents when the motion contains material that was available before the hearing but
never presented. *Weidner v. Midcon Corp.*, 328 Ill. App. 3d 1056, 1061-62 (2002). Litigants
should not be allowed "to stand mute, lose a motion, and then frantically gather evidentiary
material to show that the court erred in its ruling." *Gardner v. Navistar International
Transportation Corp.*, 213 Ill. App. 3d 242, 248 (1991). Rather, "the interests of finality and
efficiency *require* that the trial courts not consider such late-tendered evidentiary material, no
matter what the contents thereof may be." (Emphasis in original.) *Id*. at 248-49. Generally, the
denial of a motion to reconsider is reviewed *de novo. River Village I, LLC*, 396 Ill. App. 3d at
492. But where the denial is based on new matters, such as additional facts that were not
previously presented during the course of proceedings leading to the order being challenged,
we employ an abuse of discretion standard of review. *Id*.

¶ 29       The circuit court did not abuse its discretion in denying Janusz's motion to reconsider and
in the process was justified in opting not to consider the new evidence. As the circuit court
noted, Elzbieta's petition for disposition of property was filed on April 1, 2011, and the circuit
court did not rule on Janusz's motion to dismiss for almost a year, giving him ample time to
produce that document. In a September 16, 2011 order, the circuit court specifically asked the
parties to provide the court with original and translated copies of all documents filed or
submitted to the Polish court related to the Polish dissolution proceedings. Janusz produced
numerous documents but did not produce Elzbieta's response, without providing a reason why
that document was not produced. Given that Janusz filed the dissolution of marriage petition in
Poland and participated in the proceeding, the circuit court could reasonably conclude that
Janusz should have been able to produce a translated copy of Elzbieta's response along with
the other documents he provided, particularly given its claimed significance to the issue of
jurisdiction. Thus, because the document relied on by Janusz in his motion to reconsider was
available to him at the time the circuit court ruled on his motion to dismiss, the court did not
abuse its discretion in refusing to consider it.

¶ 30    Further, we agree with the circuit court that even if Elzbieta's response was taken into consideration, it would not provide grounds for reversing the denial of Janusz's motion to dismiss. Although Janusz contends the document demonstrates that Elzbieta submitted to the jurisdiction of the Polish court, when read in its entirety, the response shows her continued objection to the Polish court's jurisdiction, stating that "a dissolution of marriage granted by a court in Poland would be against the law" and that because both parties' last place of residence was in Inverness, Illinois, "the Lublin court is not the proper venue to hear this case." Throughout the duration of the Polish proceeding, Elzbieta, through her attorneys, objected to the jurisdiction of the Polish court. She continued to object in this pleading, and the circuit court did not err in finding that the document cannot be considered conclusive evidence showing she submitted herself to the Polish court's jurisdiction. Thus, the circuit court did not abuse its discretion in denying Janusz's motion to reconsider.

¶ 31                                     Contempt Finding

¶ 32    Janusz contends that based on the lack of jurisdiction of the circuit court, the contempt order entered was void and must be reversed. But having had jurisdiction under sections 504(a), 501(c-1), and 508(a) (750 ILCS 5/504(a), 501(c-1), 508(a) (West 2012)) to award temporary maintenance and interim attorney fees, we find it did not err in holding Janusz in contempt when he failed to comply with the order.

¶ 33                                       CONCLUSION

¶ 34    The orders of the circuit court are affirmed in all respects.

¶ 35    Affirmed.