FIFTH DIVISION

October 16, 1998

No. 1-97-4480

MARTIN HIRSCH and NOREEN HIRSCH, ) Appeal from the

) Circuit Court of

Plaintiffs-Appellants, ) Cook County.

)

v. ) 

)

STUART FEUER and HELEN FEUER, ) The Honorable

 ) David Lichtenstein,

Defendants-Appellees. ) Judge Presiding.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiffs Martin and Noreen Hirsch brought suit against defendants Stuart and Helen Feuer alleging claims for breach of contract, violation of the Residential Real Property Disclosure Act (765 ILCS 77/1 
et
 
seq.
 (West 1994)) (Property Disclosure Act), and fraudulent misrepresentation and concealment related to plaintiffs' purchase of a home from defendants.  The circuit court granted defendants' motion to dismiss plaintiffs' fifth amended complaint with prejudice.  The court then denied plaintiffs' motion to reconsider.  Plaintiffs appeal, arguing that the circuit court erred in dismissing the complaint and in denying the motion to reconsider.

For the reasons that follow, we affirm in part, reverse in part and remand for further proceedings.

On February 6, 1996, plaintiffs brought a complaint against defendants alleging breach of contract, fraudulent concealment and willful and wanton misconduct related to the purchase of a home from defendants.  Defendants moved to dismiss, but the circuit court granted leave to replead and found defendants' motion moot.  Plaintiffs subsequently filed several amended complaints, each alleging similar claims.  The court granted defendants' motions to dismiss each complaint but allowed plaintiffs to replead after each dismissal.

On August 21, 1997, plaintiffs filed their fifth amended complaint, alleging claims for breach of contract, violation of the Property Disclosure Act, and fraudulent misrepresentation and concealment.  The complaint alleged that in January 1995 plaintiffs entered into a real estate contract with defendants for the purchase of defendants' property at 1578 Hazel Road, Winnetka.  The first count, for breach of contract, stated:

"4. In paragraph twelve (12) of the real estate contract, it states: 'sellers represent that to the best of sellers' knowledge, all heating, central cooling, ventilating, electrical and plumbing fixtures and systems on the real estate and all appliances to be transferred to purchaser pursuant to this contract are in working order and will be so at the time of closing.'

5. On or about February 8, 1995, Plaintiffs duly performed all terms and conditions of the contract and tendered Seven Hundred and Seventy Five Thousand Dollars ($775,000.00) to Defendants for the purchase price of said premises under the contract.

6. After the Plaintiffs moved into said premises, they became aware of certain material defects with the heating, central cooling, ventilating and plumbing fixtures and systems, which they learned from reliable sources that the Defendants had knowledge of prior to entering into the contract.

7. Defendants have breached said contract by misrepresenting themselves in breach of paragraph 12 of the contract when they knew that the heating, central cooling, ventilating and plumbing fixtures and systems were not in working order at the time of closing.

8. Plaintiffs have spent considerable sums of money in order to repair the material defects and rectify the damages caused by Defendants' breach."

The second count, for violation of the Property Disclosure Act, alleged that pursuant to sections 20 and 25 (765 ILCS 77/20, 25 (West 1994)), defendants "were obligated to provide Plaintiffs with a disclosure report revealing all known material and substantial defects within the house."  Plaintiffs alleged that defendants provided a residential real property disclosure report indicating that the only defect of the property was the bottom drain of the swimming pool.  Plaintiffs further alleged:

"12. After the Plaintiffs moved into said premises, they became aware of substantial material defects within the house which were not disclosed on the disclosure report and which they learned from reliable sources that the Defendants were aware of said defects prior to executing the disclosure report. 

13. Pursuant to 765 ILCS 77/55, Defendants have violated the Residential Real Property Disclosure Act by intentionally concealing and failing to disclose known defects in the Disclosure Report.

14. Plaintiffs have spent considerable sums of money in order to repair and rectify the aforementioned material defects and are required to continue to expend in the future substantial sums of money to repair these defects."

The third count alleged fraudulent misrepresentation and concealment, stating:

"17.  Prior to entering into the contract and closing the transaction, Defendants expressly represented to the Plaintiffs and on the disclosure report that the only known, existing material defect with the home was problems [
sic
] with the pool drain.

18. Defendants, however, before the purchase of the real estate, were notified by contractors and technicians that, in addition to the problem with the pool drain, there existed other material defects with the house and therefore, they had knowledge of the defects and knew that their representations were false.

19. Furthermore, Defendants acted fraudulently and misrepresented themselves by concealing the material defects by hiring contractors and technicians to make simple patch-work repairs and by actively misrepresenting to Plaintiffs that their [
sic
] was a fully operational and complete sprinkler system on the premises.

20. These misrepresentations and concealments were made for the purpose of inducing Plaintiffs to enter into a contract to purchase their home.

21. Plaintiffs justifiably relied on the Defendants' representations where their inspection of the premises did not reveal the defects because Defendants had actively concealed same and where they were given a disclosure report which fraudulently
 did not reveal any of the known defects.

22. As a result of Plaintiffs['] reliance on the Defendants' misrepresentations, Plaintiffs were damaged in that they have spent and will continue to spend considerable sums of money to repair and rectify the aforementioned material defects.  In addition to spending money to repair said defects, Plaintiffs have suffered other consequential loss."

Defendants moved to dismiss the fifth amended complaint pursuant to sections 2--619(9) and 2--615 of the Code of Civil Procedure (Code)(735 ILCS 5/2--619(9), 2--615 (West 1996)) and the court granted the dismissal with prejudice.  While plaintiffs suggest that the circuit court's order is unclear as to the grounds for the court's decision, the transcript indicates that the court granted the dismissal pursuant to section 2--615.  During the hearing on the motion, the trial judge stated:

"If I dismiss this complaint with prejudice, it will not be on a finding that no claim could be stated.  It will be on a finding that having been given more than five opportunities to state a claim, you choose not to state a claim.

***

Nowhere 
in Count I do you aver that the [defendants'] breached the contract by anything.  You just conclude it in Paragraph 7.  I have been asking you for more than five complaints now. 

***

Count I is legally deficient because nowhere in Count I does plaintiff aver that the defendants breached the contract because when they represented that 'to the best of their knowledge all the heating, central cooling, ventilating, electrical, and plumbing fixtures and systems on the real estate and all appliances to be transferred to the purchaser pursuant to the contract are in working order and will be so at the time of closing,' they knew that that statement was false.  Nowhere does he aver that.

***

I want you to understand clearly if I strike and dismiss with prejudice this complaint, it will not be on a finding that he -- in its 615 aspect, it will not be because he could not state a claim, it is because it would be abusive of the process to allow him still one more filing when through what appears to be either willfulness or incompetence he has chosen not to state the claim.

***

Instead you aver all sorts of conclusionary [
sic
]
 things, all sorts of things about the state of mind of your client, all sorts of things about how you will be able to prove at trial what her clients must have known.  But you never aver that when they made the representation contained in the contract, it was false and they knew it to be false."

Plaintiffs moved to reconsider and the court denied the motion.

Plaintiffs argue on appeal that the circuit court erred in dismissing the fifth amended complaint because it sufficiently alleged their causes of action.  Plaintiffs also contend that the circuit court should have granted them leave to amend the fifth amended complaint.

"When the legal sufficiency of a complaint is challenged by a section 2--615 motion to dismiss, all well-pleaded facts in the complaint are taken as true and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted."  
Connick v. Suzuki Motor Co.
, 174 Ill. 2d 482, 490 (1996).  Because plaintiffs chose to amend each previously dismissed complaint, any error regarding the dismissal of those claims is waived and we consider only the sufficiency of the fifth and final amended complaint.  
Connick
, 174 Ill. 2d at 491. 

"A section 2--615 motion attacks the legal sufficiency of a complaint.  The motion does not raise affirmative factual defenses, but rather alleges only defects on the face of the complaint."  
Vernon v. Schuster
, 179 Ill. 2d 338, 344 (1997).  A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle plaintiffs to recover. 
Vernon
, 179 Ill. 2d at 344.  

Illinois is a fact-pleading jurisdiction.  
Vernon
, 179 Ill. 2d at 344.  Plaintiffs cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations.  
Anderson v. Vanden Dorpel
, 172 Ill. 2d 399, 408 (1996).  Plaintiffs must allege facts sufficient to bring their claims within the scope of the cause of action asserted.  
Anderson
, 172 Ill. 2d at 408.  This court reviews the dismissal of a complaint under section 2--615 
de novo
.  
Vernon
, 179 Ill. 2d at 344. 

Plaintiffs first argue that the circuit court erred in dismissing their claim for breach of contract.  To state a cause of action for breach of contract, plaintiffs must establish: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) plaintiffs' performance of all required contractual conditions; (5) defendants' breach of the terms of the contract; and (6) damage resulting from the breach.  
Barille v. Sears Roebuck & Co.
, 289 Ill. App. 3d 171, 175 (1997).  
 The circuit court dismissed the count because plaintiffs only concluded that defendants breached the contract in their complaint without making sufficient averments to support that conclusion.  The court observed that the complaint does not state that when defendants represented that "to the best of their knowledge all the heating, central cooling, ventilating, electrical, and plumbing fixtures and systems on the real estate and all appliances to be transferred to the purchaser pursuant to the contract are in working order and will be so at the time of closing," they knew that the statement was false.

While the allegations in this complaint are not as clear as they could (and should) have been after six attempts, we cannot agree that the complaint does not at least set forth the basic facts for a cause of action for breach of contract.  The contract here stated that the sellers represented that to the best of their knowledge all of the systems and appliances listed were in working order and would be so at the time of closing.  While couched within the facts as to how plaintiffs learned of defendants' knowledge, plaintiffs at least state in paragraph six that "[d]efendants had knowledge of [the said defects] prior to entering into the contract."  Also, while couched within a paragraph making the conclusion that defendants breached the contract, plaintiffs allege that defendants "knew that the heating, central cooling, ventilating and plumbing fixtures and systems were not in working order at the time of closing."  If true, this statement is in direct contrast to what was presented as a term of the contract, that is, that to the best of the sellers' knowledge the items were in working order.  

Although plaintiffs have mixed conclusions with their factual assertions, we cannot say that the factual assertions were insufficient in this case.  While we find the question close, we conclude that plaintiffs have at least stated facts sufficient to bring this claim within the scope of the cause of action asserted.  Therefore, we reverse the dismissal of this count under section 2--615 of the Code.  In reversing, we note our appreciation for the frustration of the circuit court in this case.  The court carefully provided plaintiffs with a road map for setting forth a much clearer statement of their claims, but plaintiffs declined to follow its delineated highways.  

Plaintiffs next argue that the circuit court erred in dismissing the remaining counts.  Plaintiffs essentially suggest that this court should reverse the lower court because the order fails to mention the specific grounds for dismissing the remaining claims.  We note that the transcript does not include a discussion of the reasoning for the dismissal of these claims, and we will examine the sufficiency of each of the remaining counts.  See 
Classic Hotels, Ltd. v. Lewis
, 259 Ill. App. 3d 55, 59 (1994) (sufficiency of each count of complaint is separate legal question and stands alone in its review).

Our research has not revealed case law involving claims brought pursuant to the Property Disclosure Act.  Section 20 of the Property Disclosure Act (765 ILCS 77/20 (West 1994)) requires sellers of residential real estate to provide prospective buyers with a written disclosure report disclosing certain conditions of the property as set forth in section 35 of the Act (765 ILCS 77/35 (West 1994)).  Section 25 provides:

"(a)  The seller is not liable for any error, inaccuracy, or omission of any information delivered pursuant to this Act if (i) the seller had no knowledge of the error, inaccuracy, or omission, (ii) the error, inaccuracy, or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected, or (iii) the error, inaccuracy, or omission was based on information provided by a public agency or by a licensed engineer, land surveyor, structural pest control operator, or by a contractor about matters within the scope of the contractor's occupation and the seller had no knowledge of the error, inaccuracy, or omission.

(b) The seller shall disclose material defects of which the seller has actual knowledge.

(c)  The seller is not obligated by this Act to make any specific investigation or inquiry in an effort to complete the disclosure statement.

(d)  The seller is under no obligation to amend the disclosure document after its delivery to a prospective buyer unless the disclosure document contains errors, inaccuracies, or omissions of which the seller had actual knowledge at the time the disclosure document was completed and signed by the seller."  765 ILCS 77/25 (West 1994).

Section 55 provides that "a person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party."  765 ILCS 77/55 (West 1994).

Plaintiffs allege that defendants were obligated to provide them with a disclosure report revealing all known material and substantial defects within the house pursuant to the Property Disclosure Act.  Defendants provided a residential real property disclosure report indicating that the only defect of the property was the bottom drain of the swimming pool.  Plaintiffs further allege that after they moved into the house "they became aware of substantial material defects within the house which were not disclosed on the disclosure report and which they learned from reliable sources that the Defendants were aware of said defects prior to executing the disclosure report."  Plaintiffs further state in the complaint that defendants violated the Property Disclosure Act "by intentionally concealing and failing to disclose known defects in the Disclosure Report."

While this is a close question, we again believe that plaintiffs' allegations meet the minimum standard required at this posture.  Under the language of section 55, plaintiffs may bring a cause of action for damages if they assert that defendants disclosed any information on the residential real property disclosure report that defendants knew to be false.  Although couched within the factual allegation as to how plaintiffs learned of defendants' knowledge, plaintiffs at least state that "[d]efendants were aware of said defects prior to executing the disclosure report."  Also, while couched within a paragraph making the conclusion that defendants violated the Property Disclosure Act, plaintiffs allege that defendants "fail[ed] to disclose known defects in the Disclosure Report."  If, in fact, defendants knew of the defects when they provided the disclosure report and did not disclose such defects, there may be a cause of action under section 55.  Therefore, we hold that this count should not have been dismissed under section 2--

615 of the Code.

We note that it could be argued that plaintiffs should have alleged with more specificity that defendants actually knew that the representations in the disclosure report were false at the time they made the disclosure, not just that they had knowledge of the defects prior to making the report.  Section 25(a) of the Property Disclosure Act (765 ILCS 77/25(a) (West (1994)) protects a seller from liability for any error, inaccuracy, or omission if it was based on a reasonable belief that a material defect had been corrected.  Paragraph 12 states only that defendants had knowledge of the defects prior to executing the report.  Defendants could have had knowledge prior to the execution of the report, but believed that the problems were corrected and therefore did not have actual knowledge of defects at the time they tendered the report and therefore would not be liable under the Property Disclosure Act.  However, section 55 is the section authorizing a cause of action for violations of the Property Disclosure Act and while the language of section 25 may present an affirmative defense under the statute, it is not fatal to the consideration of the question of whether plaintiffs have set forth a claim under section 55 in this case.  Moreover, the statement cited from paragraph 13 alleges that they failed to disclose known defects in the disclosure report.

The elements of a cause of action for fraudulent misrepresentation, a form of common law fraud, are: (1) a false statement of material fact; (2) known or believed to be false by the party stating it; (3) intent to induce the other party to act; (4) action in reliance by the other party; and (5) damage as a result of that reliance.  
Connick
, 174 Ill. 2d at 496;  
Heider v. Leewards Creative Crafts, Inc.
, 245 Ill. App. 3d 258, 264-65 (1993), citing 
Soules v. General Motors Corp.
, 79 Ill. 2d 282, 286 (1980).  There is a high standard of specificity required for pleading claims of fraud.  
Board of Education v. A, C & S, Inc.
, 131 Ill. 2d 428, 457 (1989).  The facts must be pleaded with sufficient specificity, particularity, and certainty to apprise the opposing party of what he is called upon to answer.  
Board of Education
, 131 Ill. 2d at 457.  The pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference, including what representations were made, when they were made, who made the misrepresentations and to whom they were made.  
Board of Education
, 131 Ill. 2d at 457 (affirming dismissal of claims where complaint failed to contain sufficient particularity); see also 
Connick
, 174 Ill. 2d at 496-

97 (allegations of fraudulent misrepresentation held inadequate because they were not pled with specificity and particularity).

Upon review of the complaint, we conclude that plaintiffs have failed to meet the specificity required.  Plaintiffs do not specify what false representations were made by defendants.  Plaintiffs allege in paragraph 17 that defendants represented on the disclosure report that "the only known, existing material defect with the home was problems [
sic
] with the pool drain."  However, the disclosure report attached to the complaint as part of the contract indicates that defendants did not actually make that specific statement.  See 
Smith v. Prime Cable
, 276 Ill. App. 3d 843, 855 (1995) (when claim is founded upon written instrument, that instrument must be attached to pleadings; where inconsistent, such an exhibit controls over factual allegations in the pleadings).

The report indicates that defendants made a mark to show that they were aware of material defects in the "plumbing system (includ[ing] such things as water heater, sump pump, water treatment system, sprinkler system, and swimming pool)."  The report also includes a statement regarding problems with the bottom drain of the swimming pool.  There are numerous other items on the disclosure report with check marks under the word "NO," indicating that the seller was not aware of any problems with those other items.  While plaintiffs may be complaining that sellers made false representations when they checked "no" to these other items, plaintiffs fail to specify which of these representations they contend were false.  Plaintiffs allege in paragraph 18 that "there existed other material defects with the house," but they fail to indicate what these other defects were.  If called to answer this complaint, defendants would not know what alleged representations they must defend against.

We note that plaintiffs conclude in paragraph 19 that defendants misrepresented that there was a fully operational and complete sprinkler system on the premises.  This paragraph is merely a conclusion that defendants made a misrepresentation and does not meet the standard for claims of fraud.  If plaintiffs were attempting to complain that defendants' failure to provide a description of a problem with the sprinkler system on the disclosure report was an incomplete description of all of the problems with the plumbing because there was in fact a problem with the sprinkler system and therefore that statement was a false representation, plaintiffs should have made such an averment.  In looking at the complaint, it is difficult to ascertain what specific representations plaintiffs claim were untrue.  Plaintiffs may be complaining of numerous defects with the house, but they fail to provide allegations of facts as a basis for the claim.

To state a cause of action for fraudulent concealment, also a form of common law fraud, plaintiffs must allege that defendants concealed a material fact when they were under a duty to disclose that fact to plaintiffs.  
Connick
, 174 Ill. 2d at 490-500.  Mere silence in a transaction does not amount to fraud.  
Heider
, 245 Ill. App. 3d at 269, citing 
Russow v. Bobola
, 2 Ill. App. 3d 837, 841 (1972).  Silence accompanied by deceptive conduct or suppression of material facts, however, can give rise to concealment and "it is then the duty of the party which has concealed information to speak."  
Heider
, 245 Ill. App. 3d at 269; see also 
Mitchell v. Skubiak
, 248 Ill. App. 3d 1000, 1005 (1993).  While it appears that plaintiffs wished to also plead a claim of fraudulent concealment, they have failed to sufficiently set forth this claim.  As discussed above, the most fatal error in pleading this claim is the lack of specificity. The complaint fails to allege what material facts were concealed by defendants. We conclude that the complaint fails to sufficiently state a cause of action for fraudulent misrepresentation or concealment.  Because the count makes only a general averment that defendants acted fraudulently when they made the disclosures regarding the property and does not point to specific false representations so as to fairly apprise defendants of what they would be called upon to answer, we affirm the dismissal of this claim.

Finally, plaintiffs contend that the circuit court should have granted leave to amend the complaint for the sixth time.  A litigant does not have an absolute right to amend under section 2--615, and this court will not disturb a decision dismissing a complaint with prejudice absent an abuse of discretion.  
Hume & Liechty Veterinary Associates v. Hodes
, 259 Ill. App. 3d 367, 370 (1994).  In exercising its discretion, the circuit court may consider "the ultimate efficacy of the claim and whether plaintiff had prior opportunities to amend."  
Hume
, 259 Ill. App. 3d at 370, quoting 
Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc.
, 229 Ill. App. 3d 119, 127 (1992) (affirming dismissal of amended complaint with prejudice where "amended complaint was only slightly less prolix than its predecessor and equally defective in stating a claim").

This was plaintiffs' fifth amended complaint.  The record reveals that the prior dismissals involved similar complaints.  The circuit court stated during the hearing on the final motion to dismiss that it had given plaintiffs more than five opportunities to correct the problems and determined that it would have been an abuse of process to allow plaintiffs to continue to replead.  Defendants contested each amended complaint as it was proffered.  We believe that plaintiffs were given ample opportunity to plead their case and the circuit court did not abuse its discretion in refusing to allow them an opportunity to replead after this final dismissal.

For the aforementioned reasons, we affirm the circuit court's dismissal of the fraudulent misrepresentation and concealment claims and affirm the denial of plaintiffs' motion to replead those claims.  We reverse the circuit court's dismissal of the claims for breach of contract and violation of the Property Disclosure Act under section 2--615 of the Code because we hold that the fifth amended complaint sufficiently states these claims.  We express no opinion as to defendants' motion to dismiss those claims under section 2--619 of the Code.  The matter was disposed of on the section 2--615 motion and the trial court did not rule on the section 2--619 motion.

Affirmed in part and reversed in part; cause remanded.

HOURIHANE, P.J., and HARTMAN, J., concur.