CHATHAM SURGICORE, LTD., an Illinois ) Appeal from the

Corporation, ) Circuit Court of

) Cook County.

Plaintiff-Appellant, )

)

v. )

) No. 02 L 11734

HEALTH CARE SERVICE CORPORATION, a )

Mutual Legal Reserve Company, d/b/a ) 

Blue Cross Blue Shield of Illinois, ) Honorable

) Stuart A. Nudelman,

Defendant-Appellee, ) Judge Presiding.

PRESIDING JUSTICE REID delivered the opinion of the court:

The plaintiff, Chatham Surgicore, Ltd. (Chatham),appeals the trial court’s order that granted the defendant’s, Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois (Blue Cross), motion under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)) to dismiss its second amended complaint with prejudice.  On appeal, Chatham argues that the trial court erred when it dismissed: (1) count V for promissory estoppel and (2) count VI for fraud.  For the reasons that follow, we affirm in part, reverse in part, and remand this matter to the trial court for further proceedings.

BACKGROUND

On September 17, 2002, Chatham filed its initial five-count complaint.  In response, Blue Cross moved to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-615 & 2-619 (West 2002).  On May 2, 2003, the trial court granted Blue Cross’ motion to dismiss. 

On June 3, 2003, Chatham filed a six-count amended complaint.  On July 15, 2003, Blue Cross again filed a motion to dismiss the amended complaint pursuant to sections 2-615 and 2-619.  Thereafter, the trial court granted Blue Cross’ motion to dismiss on September 30, 2003.

On December 1, 2003, Chatham filed a six-count second amended complaint.  Count I was for a violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 
et
 
seq
. (West 2002)); count II was for a violation of Illinois common law on restraint of trade; count III was for a violation of public policy; count IV was for disparagement of services; count V was for estoppel; and count VI was for fraud.  

The following recitation is based on the allegations that appear in Chatham’s second amended complaint.  Chatham is an Illinois corporation with its principal place of business in Chicago.  Chatham provides out-patient surgical facilities and supplies to patients in need of podiatric services.  Blue Cross is in the business of providing health insurance and is one of the largest health insurance providers in the country.

In addition to selling health insurance, Blue Cross also 

performs administrative services for self-funded plans.  Under Blue Cross’ plans, individual members who seek insurance through the plan must decide whether to use in-network or out-of-network providers.  In-network providers are healthcare providers who have agreed to receive negotiated rates for providing healthcare services to Blue Cross’ members in full payment for their services.  Out-of-network providers are healthcare providers who provide healthcare services to Blue Cross’ members under the terms and conditions of the member agreements covering their health plan.  When members choose in-network providers, they receive higher benefits at a lower direct cost than when they choose out-of-network providers. 

Chatham and Blue Cross did not have a contractual relationship.  Chatham is an out-of-network provider.  Out-of-network providers such as Chatham have not agreed to a set reimbursement rate with Blue Cross and, therefore, may charge patients more for providing services.  Out-of-network providers are not entitled to receive payment directly from Blue Cross.

Furthermore, Chatham alleged that Blue Cross employed a practice of refusing to honor assignments from the insureds. 

From February 1998 to August 2002, Chatham provided its podiatric out-patient facilities and services to the patients identified in Group Exhibit A, which is a spreadsheet of patients treated at Chatham along with their treatment dates that was attached to the second amended complaint.  Blue Cross, either as an insurance provider or as a third-party administrator, collected premiums and adjudicated claims under the insurance policies of the individuals in Group Exhibit A.  Before treating each of these individuals, Chatham called Blue Cross to verify coverage.  During each of the phone calls, Blue Cross represented that its insureds were covered for services provided at Chatham and did not disclose any limitations to its coverage.  

After providing treatment to Blue Cross’ insureds, Chatham promptly sent Blue Cross its claims for payment.  Chatham claims that each claim for payment was properly filed and submitted.  Throughout this time period, Blue Cross received Chatham’s properly filed claims for payment, but never processed those claims.  Chatham continued to treat Blue Cross’ insureds, but Blue Cross refused altogether to pay Chatham for the treatment.

On February 5, 2004, Blue Cross filed a motion to dismiss Chatham’s second amended complaint pursuant to section 2-615.  On April 23, 2004, the trial court granted Blue Cross’ motion to dismiss with prejudice.  On May 21, 2004, Chatham timely filed its notice of appeal.

In its brief, Chatham informs this court that it is not appealing the dismissal with prejudice of counts I through IV from its second amended complaint.  Chatham is only appealing the dismissal of count V for promissory estoppel and count VI for fraud.

ANALYSIS

I

The first issue we will address is whether the trial court erred when it determined that Chatham could not allege facts to sustain a cause of action for promissory estoppel.

“A motion under section 2-615 of the Code of Civil Procedure attacks the legal sufficiency of the complaint. 
 
Illinois Graphics Co. v. Nickum
,
 159 Ill. 2d 469, 484 (1994).  Such a motion does not raise affirmative factual defenses, but alleges only defects appearing on the face of the complaint.  
Illinois Graphics
,
 159 Ill. 2d at 484; 
Kolegas v. Heftel Broadcasting Corp.
,
 154 Ill. 2d 1, 8 (1992).  Thus, the question presented by a section 2-615 motion is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Vernon v. Schuster
,
 179 Ill. 2d 338, 344 (1997); 
Bryson v. News America Publications, Inc.
,
 174 Ill. 2d 77, 86-87 (1996).  In ruling on a section 2-615 motion, a trial court is to consider only the allegations of the pleadings. 
Illinois Graphics
,
 159 Ill. 2d at 484; 
Urbaitis v. Commonwealth Edison
,
 143 Ill. 2d 458, 475 (1991).  Further, the trial court should dismiss the cause of action only if it is clearly apparent that no set of facts can be proven which will entitle the plaintiff to recovery.  
Bryson
,
 174 Ill. 2d at 86-87; 
Illinois Graphics
,
 159 Ill. 2d at 488.  A court of review determines 
de
 
novo
 whether the trial court should have granted dismissal. 
Beahringer v. Page
,
 204 Ill. 2d 363, 369 (2003).”  
Canel v. Topinka
, 212 Ill. 2d 311, 317-18 (2004). 

“A motion to dismiss does not lie as long as a good cause of action is stated even if that cause of action is not the one intended to be asserted by the plaintiff. (See 
Luethi v. Yellow Cab Co.
 (1985), 136 Ill. App. 3d 829, 833; 
Great Atlantic & Pacific Tea Co. v. La Salle National Bank
 (1979), 77 Ill. App. 3d 478, 482 (finding cause denominated as an action for trespass to be sufficient as an action to enjoin interference with a leasehold interest); 
 
Browning v. Heritage Insurance Co.
 (1975), 33 Ill. App. 3d 943, 947; 2 C. Nichols, Illinois Civil Practice § 1413, at 518-19 (5th rev. ed. 1990).)  A complaint need only allege facts which establish the right to recovery; not only are allegations of law or conclusions not required, they are improper. (See 3 R. Michael, Illinois Practice § 24.2, at 340 (1989); 
Monroe County Water Cooperative v. City of Waterloo
 (1982), 107 Ill. App. 3d 477; see also 
Haas v. Mid-America Fire & Marine Insurance Co.
 (1976), 35 Ill. App. 3d 993, 998.)  It is, moreover, the allegations of a complaint which define a cause of action, not the name or title that may be used by the plaintiff.  
Lovgren v. Citizens First National Bank
 (1989), 126 Ill.2d 411, 419.”  
Illinois Graphics Co. v. Nickum
,  159 Ill. 2d 469, 488-89 (1994).

“To establish a claim based on promissory estoppel, plaintiff must allege and prove that (1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment.  [Citations.]  Plaintiff's reliance must be reasonable and justifiable.  [Citations.]  Plaintiff may recover on a theory of promissory estoppel despite the absence of a contract. [Citations.]”  
Quake Construction, Inc. v. American Airlines, Inc.
, 141 Ill. 2d 281, 309-10 (1990).

The following are the allegations contained in Chatham’s second amended complaint under count V for estoppel:

“129.  Chatham provided services to various patients listed in Group Exhibit A.  The patients listed in Group Exhibit A were all covered under health insurance policies issued to them by Blue Cross under one of its many products and contracts, or were subject to claims being administered by Blue Cross as a [third- party administrator (TPA)], and the services provided to the patients were services that were covered under the various health insurance polices.

130.  Prior to providing medical treatment to the patients listed in Group Exhibit A, representatives from Chatham called Blue Cross to verify the insurance coverage available to each of the patients who were covered under various Blue Cross policies, or policies in which Blue Cross was a TPA.

131.  Chatham did not have access to any of the various health insurance policies that covered the patients, and therefore had to rely upon the information provided by Blue Cross agents in order to determine the manner in which Chatham would be reimbursed for the medical services it was providing.

132.  At the time Blue Cross received the calls from Chatham concerning the coverage questions, Blue Cross knew, or should have known the benefits available for its insureds, and any limitations upon that coverage.

133.  Blue Cross knew that Chatham would rely upon the information provided in deciding whether to provide podiatric services to the patients covered under various health insurance policies from Blue Cross.

134.  Chatham did in fact reasonably rely on the statements provided by agents of Blue Cross, and provided podiatric services to those insureds of Blue Cross without making alternate payment provisions from the patients.

135.  After providing services to the patients, Chatham submitted a proper claim to Blue Cross for payment of benefits under the health insurance contracts of the patients.

136.  Blue Cross has failed to process the claims, or in the alternative, processed the claims and made payment directly to the patients despite the assignment of benefits.

137.  By failing to process the claims, Blue Cross has acted in a manner contrary to representations its agents made to Chatham, the provider of services.

138.  Blue Cross is estopped to act in a manner contrary to the statements its agents made while confirming insurance coverage with Chatham, and not notifying Chatham of the various limitations on coverage and payment that Blue Cross knew existed when it quoted benefits.

139.  As a result of the reliance on Blue Cross’ misrepresentations, Chatham has been damaged in the amount of $3,264,715.85 as itemized in Group Exhibit A.”

Here, the trial court erred when it determined that Chatham failed to state a cause of action for promissory estoppel in its second amended complaint.  We remind the parties that the question presented by a section 2-615 motion is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  Taking this into consideration, Chatham’s second amended complaint stated a cause of action for estoppel.

Initially, we find that Chatham’s second amended complaint sufficiently alleged that Blue Cross promised to pay it for services which it had rendered.  We believe that 
Rehabilitation Institute of Chicago v. Group Administrators, Ltd.
, 844 F. Supp. 1275 (N.D. Ill. 1994), is instructive.  In 
Rehabilitation Institute
, the plaintiff, Rehabilitation Institute of Chicago (RIC), commenced an action in the circuit court of Cook County.  Thereafter, the defendant, Group Administrators, Ltd. (GAL), filed a notice of removal to the federal court and a motion to dismiss.  In response, RIC contested GAL’s motion to dismiss and also filed a motion to remand the case to state court.

RIC was a domestic charitable corporation that maintained a hospital and rendered medical services.  For a period of time, RIC provided medical services to a Mr. Casey for self-inflicted injuries.  GAL administered Casey’s health insurance plan under the Employment Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. §1001 (1988)).

During this period, RIC contacted GAL to determine whether Casey’s care was covered under the ERISA plan.  GAL assured RIC that there was no exclusion for self-inflicted injuries and described specifically the coverage that was available.  As a result of these assurances, RIC provided Casey with the care he needed.

Subsequently, GAL refused to reimburse RIC, and RIC filed suit.  RIC maintained that GAL should be estopped under Illinois law from refusing to remit payment for services that it represented were covered by Casey’s ERISA plan.  
Inter
 
alia
, GIC  
argued that RIC’s complaint failed to state a cause of action.

The 
Rehabilitation Institute
 findings as it pertains to this issue follow:

“In its motion to dismiss, Group Administrators maintains that Rehab Institute failed to allege that any promise was made pertaining to Mr. Casey's coverage and treatment.  However, plaintiff's complaint clearly alleges that Group Administrators' agent represented that ‘coverage was available’ for the treatment.  In light of the purpose behind Rehab Institute's query (determining whether or not it would be reimbursed by the insurance company for its care of Mr. Casey), this statement satisfies the promise element for purposes of stating a promissory estoppel claim.  In this context it is also clear that Group Administrators knew or should have known that its representation would induce action on the part of Rehab Institute (
i.e.
,
 that Rehab Institute would admit and treat Mr. Casey on the basis of its representation as to available coverage).  The complaint also contains specific allegations that Rehab Institute acted in reasonable reliance on this promise, and that it was injured as a result.  Accordingly, Rehab Institute has adequately pled a cause of action under the doctrine of promissory estoppel.” 
Rehabilitation Institute
, 844 F. Supp. at 1278-79.

When Chatham contacted Blue Cross to verify that insurance coverage was available to each of the patients who were listed in Group Exhibit A, Blue Cross’ agents repeatedly represented to Chatham that those individuals were covered for services rendered at Chatham.  Under 
Rehabilitation Institute
, Blue Cross knew or should have known that these statements would induce Chatham to treat the patients listed on Group Exhibit A.  As such, these statements satisfy the promise element for purposes of stating a promissory estoppel claim.

We acknowledge that Blue Cross did not use the express form of a promise.  However, 
Bank Computer Network Corp. v. Continental Illinois National Bank & Trust Co. of Chicago
, 110 Ill. App. 3d 492, 497 (1982), tells us that an express promise is unnecessary.  In 
Bank Computer Network
, the court made the following statement:

“[T]he promise essential to a claim of promissory estoppel need not be expressed, only unambiguous. (See 
Perlin v. Board of Education
 (1980), 86 Ill. App. 3d 108, 407 N.E.2d 792.)  ‘In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference.  ***  The intention of the parties must in some way be communicated, since a person's intention can be ascertained by another only by means of outward expressions such as words and acts.’ (
Bank of Marion v. Robert “Chick” Fritz, Inc.
 (1973), 9 Ill. App. 3d 102, 108, 291 N.E.2d 836, 840, 
aff’d
 (1974) 57 Ill. 2d 120, 311 N.E.2d 138.)”  
Bank Computer Network
, 110 Ill. App. 3d at 497.

Blue Cross’ promises to pay were unambiguous because they were both definite and complete.  We find that it can be reasonably inferred from Chatham’s second amended complaint that when Blue Cross made its assurances, it knew who would be providing the services, what services would be provided and who would be receiving those services.  Although count V for promissory estoppel failed to allege an unambiguous promise to pay, this deficiency is cured because a paragraph in count VI for fraud made such an allegation.  Specifically, the paragraph states: 

“140.  When Chatham called to confirm coverage for Blue Cross’ insureds, Blue Cross, through its agents, always represented that the individuals were covered for the services to be rendered at Chatham, without disclosing any limitations on the coverage.”

As to the issue of justifiable reliance, Chatham alleged that because it did not have access to the individual patient’s insurance policies, it relied upon the information provided by Blue Cross agents in deciding whether to provide podiatric services to the patients; it reasonably relied on these statements from Blue Cross; and it provided podiatric services to those insured of Blue Cross without making alternate payment provisions from the patients.  These facts are clearly alleged in Chatham’s second amended complaint.  At this stage in the proceedings, that is all that Chatham had to do.  Chatham does not have to prove that it reasonably and justifiably relied.  It only has to allege these facts.

As such, we find that Chatham sufficiently stated a cause of action for estoppel, and the trial court’s decision is reversed.

II

Chatham argues that the trial court erred when it determined that its second amended complaint failed to allege a cause of action for fraud. 

Fraud may be perpetrated by fraudulent misrepresentation or by fraudulent concealment.  
Hirsch v. Feuer
,
 299 Ill. App. 3d 1076, 1085 (1998).  A high standard of specificity is imposed on pleadings asserting fraud.  
Hirsch
,
 299 Ill. App. 3d at 1085.  The facts constituting the alleged fraud must be stated "with sufficient specificity, particularity, and certainty to apprise the opposing party of what he is called upon to answer." 
 
Hirsch
,
 299 Ill. App. 3d at 1085.  The pleading "must contain specific allegations of facts from which fraud is the necessary or probable inference, including what representations were made, when they were made, who made the misrepresentations and to whom they were made."  
Hirsch
,
 299 Ill. App. 3d at 1085; 
Connick v. Suzuki Motor Co., Ltd.
, 174 Ill. 2d 482, 496-97 (1996).

To state a cause of action for fraudulent misrepresentation, a plaintiff must allege that the defendant made a representation of material fact, the defendant knew or believed the representation was untrue, the plaintiff had a right to and did rely on the representation, the representation was made for the purpose of inducing the plaintiff to act or refrain from acting, and the representation led to the plaintiff's injury. 
 
Miner v. Fashion Enterprises, Inc.
, 342 Ill. App. 3d 405, 420 (2003).

“[A] promise to perform an act in the future made by one who intends not to perform is not actionable fraud, unless the false promise of future performance is part of a scheme or device to defraud another of her property. [Citations.]”  
Mitchell v. Norman James Construction Co.
, 291 Ill. App. 3d 927, 940 (1997).

Chatham maintains that it pled fraud with the requisite specificity.  Chatham contends that Blue Cross intentionally deceived it in an effort to get Chatham to provide services to its insureds although it knew that it would not pay for those services.  Chatham maintains that this deceptive and misleading conduct constitutes a cause of action for fraud.  In particular, Chatham contends that Blue Cross’ conduct allows it to seek recovery under fraud by misrepresentation or fraud by scheme.

The theory of fraud under which Chatham can recover depends on how Blue Cross’ statement is characterized.  Chatham maintains that it is fraud by misrepresentation if the statements are characterized as a misrepresentation of material fact, whereas it is a fraudulent scheme if Blue Cross’ statement are taken as a promise to pay in the future coupled with Blue Cross’ intent to induce.

As to its claims that it failed to plead fraud with the requisite amount of specificity, Chatham contends that it first pled what misrepresentation Blue Cross made.  Specifically, Chatham contends that its second amended complaint alleged that Blue Cross always and repeatedly represented that its insureds were covered for treatment at Chatham.  Chatham then claims that Blue Cross made the assurances before the date of each patient’s treatment, which is recorded in Group Exhibit A.  

With regard to the elements that concern who made the misrepresentations and to whom they were made, Chatham claims that these can be “
implied
” from its second amended complaint.  Chatham claims that it can be implied that Blue Cross, through its agents, made the misrepresentations to Chatham.  To make this implication, Chatham asks this court to look at paragraphs 140 and 141 of its second amended complaint, which state:

“140.  When Chatham called to confirm coverage for Blue Cross’ insureds, Blue Cross, through its agents, always represented that the individuals were covered for the services to be rendered at Chatham, without disclosing any limitations on the coverage.

141.  Although the agents made these representations to Chatham, Blue Cross knew these representations were false, and that Blue Cross would not pay benefits to Chatham for the treatment to its insureds.”

Lastly, Chatham recognizes that promises of future conduct, even if made without a present intention to perform, do not constitute fraud.  Furthermore, Chatham recognizes that there is an exception to this rule where, “such promises are actionable if ‘the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud.’”  
HPI Health Care Services, Inc. v
145, 168 (1989), citing 
Steinberg v. Chicago Medical School
, 69 Ill. 2d 320, 334 (1977).

Relying on 
Commonwealth Eastern Mortgage Co. v. Williams
, 163 Ill. App. 3d 103, 114 (1987)(“To fall within the exception, a party must allege sufficient facts from which a scheme can be inferred.”), Chatham contends that its second amended complaint should survive the pleading stage because a fraudulent scheme can be inferred from the facts which it alleged.  Chatham points to the long time frame during which it constantly contacted Blue Cross and was informed that different patients were covered for its services.  During this time, Chatham notes, Blue Cross also received properly filed claims for payment.  Although this occurred, Blue Cross never processed the claims and still “continued to promise payment by assuring coverage in no uncertain terms.”  Based on these facts, Chatham argues Blue Cross employed a scheme of repeated and numerous false promises and assurances.

The trial court’s decision to dismiss count VI for fraud was proper.  Chatham failed to plead fraud by misrepresentation or scheme with the requisite specificity.  In particular, Chatham failed to identify specifically what representations were made, when they were made, who made them and to whom they were made.  These allegations cannot be 
inferred
 or 
implied
 from Chatham’s complaint because they must be pled with 
specificity
.  Chatham’s second amended complaint completely fails to make specific factual allegations to support either theory of fraud.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part, and this matter is remanded.

Affirmed in part and reversed in part; cause remanded.

Greiman, J. and Quinn, J., concur.