2024 IL App (1st) 231395-U

FOURTH DIVISION
Order filed April 18, 2024

No. 1-23-1395

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GANG CHEN, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellant, | ) | County. |
| | ) | |
| v. | ) | No. 20 M1 702063 |
| | ) | |
| STELLA ORJI and ALL UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Regina A. Mescall, |
| (Stella Orji, Defendant-Appellee.) | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1 *Held*:     We dismissed the portion of the appeal addressed to the entry of summary judgment where the notice of appeal failed to specify this judgment and affirmed the order of the circuit court denying the plaintiff's motion to reconsider the order striking his amended complaint where the proposed amendment was filed without leave of court and would not cure a defect in a claim against the defendant.

¶ 2     In this forcible entry and detainer action, the plaintiff, Gang Chen, appeals, *pro se*, from the order of the circuit court striking his motion for leave to file an amended complaint. The plaintiff argues that he should have been granted leave to file an amended complaint adding a defendant and counts sounding in fraud. The plaintiff also argues that the circuit court erred when it granted summary judgment in favor of the defendant, Stella Orji, because she signed the lease, and because the circuit court failed to follow the Illinois Rules of Evidence during the summary judgment proceedings. The defendant argues that we do not have jurisdiction to consider the plaintiff's arguments directed toward the summary judgment proceedings, and that the circuit court did not abuse its discretion when it denied the plaintiff's motion to reconsider the order striking his amended complaint. For the reasons that follow, we dismiss, in part, and affirm, in part.

¶ 3     On February 5, 2020, the plaintiff, with the assistance of counsel, filed a complaint against the defendant, Stella Orji, and all unknown occupants, seeking $11,900 in unpaid rent and the possession of property located on South Aberdeen Street (Aberdeen Street Property). A special process server was appointed and reported that on February 26, 2020, he served Stella Orji, whom he described as an African-American woman approximately 60 years old. On March 9, 2020, an attorney entered an appearance and jury demand on behalf of "Stella Orji." On April 9, 2020, the attorney filed an affirmative defense, alleging breach of the implied warranty of habitability. The cause was continued numerous times

¶ 4     On February 17, 2021, the attorney for "Stella Orji" filed a motion to withdraw, citing irreconcilable differences with her client. On March 11, 2021, the circuit court granted the motion to withdraw. On August 18, 2022, the plaintiff filed a motion to terminate the services of his attorney and proceed *pro se*. On September 26, 2022, the circuit court entered an order vacating the dismissal

of the action for want of prosecution, "if any," setting the matter for a bench trial, again granting defense counsel's motion to withdraw, and granting the plaintiff's motion to proceed *pro se*.

¶ 5    On October 11, 2022, the circuit court entered a default judgment against Stella Orji in the amount of $51,975. On November 3, 2022, the plaintiff filed an affidavit for a wage deduction order.

¶ 6    On December 5, 2022, Orji filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). The petition alleged that she never lived at the Aberdeen Street Property. The petition further alleged that, on information and belief, another individual, identified as Jane Doe, was living at the property and had used her identity to falsely claim that she was Stella Orji. Orji alleged that she was 38 years old and that the person served at the premises was approximately 60 years old. The petition also alleged that Orji had, for the past seven years, lived at the address on 83rd Street in Chicago listed on her driver's license. Orji supported her petition with, *inter alia*, an affidavit averring that she had never lived at the Aberdeen Street Property, had never been served with a complaint, and had never appeared in the proceedings.

¶ 7    The plaintiff filed a response to the petition in which he denied the allegations of identity theft.

¶ 8    On December 19, 2022, Orji filed a motion to quash service and set aside the default judgment, alleging that she had never been served and that the woman who accepted service of process at the Aberdeen Street Property was an identity thief. The plaintiff responded, again arguing that no identity theft occurred.

¶ 9    On January 6, 2023, following an evidentiary hearing, the circuit court vacated the eviction order and money judgment entered against Orji. In a separate order, the circuit court ordered Orji's

employer to "cease any and all wage deduction(s)". The plaintiff moved to reconsider the order vacating the judgment. No order disposing of the motion to reconsider appears in the record.

¶ 10     On February 9, 2023, the plaintiff filed a motion to amend the complaint. The motion alleged that the complaint should be amended to

> "introduc[e] Sharon Hunter who ought to have been joined as a defendant in the action after new evidences discovered. Because:
>
> Sharon Hunter is a true tenant of the rental property."

The motion also sought leave to add a claim for damage to the Aberdeen Street Property.

¶ 11     The plaintiff also filed a document entitled "amended complaint." The document concluded:

> "Based on the forthgoing, The original complaint needs to be amended.
>
> 1) Adding Sharon Hunter as named defendant.
>
> 2) Adding property damage as additional count of cause of action. to recover Plaintiff directly loss of house damage caused by Defednants in the rental period. Add $54,000 actual repair cost to the original Court Judgement of $51,975. Now total claim amount is $105,975.
>
> 3) All the other terms of the original complaint keep the same."

¶ 12     Also on February 9, 2023, Orji filed a motion for summary judgment. The motion alleged that she never resided at the Aberdeen Street Property and did not enter into a lease agreement with the plaintiff. Orji supported the allegations in the motion with numerous records, including her driver's licenses, utility bills, tax returns, and other documents stating that she resided at an address on 83rd Street in Chicago. Also attached to the motion for summary judgment were two police reports in which she reported that her identity had been stolen and used to rent the Aberdeen Street Property.

¶ 13    The motion for summary judgment further alleged that a woman known as Sharon Hunter or Sharon Craine (Hunter) was the actual resident of the Aberdeen Street Property. Attached to the motion was a bankruptcy petition purportedly filed by Hunter which listed the Aberdeen Street Property as her home address. The motion alleged that the plaintiff admitted in his motion for leave to file an amended complaint that Hunter was the "true tenant of the rental property."

¶ 14    The plaintiff filed a response to the motion for summary judgment. In the response, the plaintiff admitted that the defendant "probably" did not live in the rental property. The plaintiff added:

> "The key point and basic ground for the case is if [the defendant's] identity was stolen by Sharon Hunter; if she offered all her top [*sic*] and detailed private information to Sharon Hunter, if She hand signed some pages in and related to the lease. That is Key. If she involved all the above, She is an exact defendant of the case."

¶ 15    On February 10, 2023, the circuit court entered an order stating:

> "1.    The Court reviewed the pending pleadings, including Defendant's Motion for Summary Judgment and Plaintiff's Response thereto, heard brief argument pertaining to Defendant's Motion for Summary Judgment and provided its analysis to the parties.
>
> 2.    Plaintiff has conceded that Defendant Stella Orji was not his tenant, and that Sharon Hunter was his tenant.
>
> 3.    Defendant, STELLA ORJI's, Motion for Summary Judgment is hereby granted.
>
> 4.    Plaintiff's Amended Complaint, which was filed on February 9, 2023, without leave of Court, is hereby stricken."

¶ 16    On February 21, 2023, the plaintiff filed a motion entitled "Motion to Reconsider Court Order Striking Motion to Amend Complaint." The motion argued that the circuit court erred when it denied him leave to amend his complaint because (1) amendments to a complaint should be allowed any time before final judgment on just and reasonable terms; (2) misnomer of a party is not grounds for dismissal; (3) the amendments should be allowed to add claims for damages and common law fraud; (4) it was Orji's burden to prove that Hunter stole her identity; (5) consolidating his claims against Orji and Hunter should be allowed as a convenience and doing so would not prejudice Orji; and (6) amendments should be allowed when a cause of action can be stated after amendment. The motion did not mention the circuit court's ruling on the defendant's motion for summary judgment.

¶ 17    On July 26, 2023, the circuit court denied the plaintiff's motion to reconsider.

¶ 18    On August 24, 2023, the plaintiff filed a notice of appeal that listed only the order of July 26, 2023, as the order appealed from. The notice of appeal stated that the relief sought from the appellate court was an order requiring the trial court to: "1) Grand [*sic*] Plaintiff's motion to amend complaint; 2) continue solving the key issue of the case if Stella Orji offered all her detailed identities to Defendant Sharon Hunter and signed the lease."

¶ 19    On appeal, the plaintiff raises two issues (1) whether the trial court erred in granting summary judgment in favor of Orji and (2) the trial court erred when it denied his motion to reconsider the order of February 10, 2023 striking the amended complaint which he filed on February 9, 2023 without leave of court. Orji argues that the plaintiff's notice of appeal is insufficient to confer jurisdiction over the summary judgment and that the circuit court did not abuse its discretion when it denied the plaintiff's motion to reconsider the order striking his amended complaint. For the reasons that follow, we dismiss the plaintiff's appeal from the February 10, 2023, summary

judgment order in favor of Orji and affirm the denial of the plaintiff's motion to reconsider the order striking his amended complaint.

¶ 20    Before considering the merits of the plaintiff's arguments directed at the summary judgment order, we must first consider our jurisdiction. Orji argues that we lack jurisdiction to consider these arguments because the plaintiff failed to specify the summary judgment order in his notice of appeal.

¶ 21    The filing of a notice of appeal " 'is the jurisdictional step which initiates appellate review.' " *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2013 IL 128612, ¶ 38 (quoting *People v. Smith*, 228 Ill. 2d 95, 104 (2008)). The requirements for a notice of appeal are contained in Illinois Supreme Court Rule 303 (eff. July 1, 2017). Rule 303(b)(2) provides that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." "A notice of appeal confers jurisdiction on a court of review to consider the judgments or parts of judgments specified." *Village of Kirkland*, 2013 IL 128612, ¶ 38. The purpose of a notice of appeal is to inform the prevailing party that the other party seeks review of a decision. *Id.*, ¶ 39. The notice of appeal should be considered as a whole and will be deemed sufficient to confer jurisdiction on a reviewing court when it fairly and adequately sets out the judgment complained of, and the relief sought. *Id.*

¶ 22    Here, the plaintiff's notice of appeal identifies only the July 26, 2023, order. That order denied the plaintiff's motion to reconsider the order striking his amended complaint. A careful review of the motion to reconsider reveals that the plaintiff filed it only "in support of his Motion to vacate Court's order on Feb. 10 striking Motion to Amend complaint." The prayer for relief in the plaintiff's notice of appeal mentions only his motion to amend his complaint. Accordingly, we conclude that the notice of appeal is not sufficient to confer jurisdiction on this court over any claim

of error in the entry of summary judgment. Therefore, we dismiss that portion of the plaintiff's appeal which is directed at the summary judgment order.

¶ 23    The remaining issue is whether the circuit court properly denied the plaintiff motion to reconsider the order striking his amended complaint. A party must obtain leave of court before filing an amended complaint adding new parties. *Pestka v. Town of Fort Sheridan Co., L.L.C.*, 371 Ill. App. 3d 286, 297 (2007). "In other words, an amended complaint that adds additional parties and is filed without leave of court is a nullity." *Id.*; but see *Cedzidlo v. Marriott International, Inc.*, 404 Ill. App. 3d 578, 583 (2010) (distinguishing *Pestka* and holding that the failure to obtain leave of court is not a jurisdictional error). Here, the plaintiff did not obtain leave of court before filing his amended complaint, and, therefore, it was within the discretion of the circuit court to strike the amended complaint for this procedural defect.

¶ 24    In addition, plaintiffs do not have an absolute and unlimited right to amend. *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App 3d 1, 6 (2004). Whether to grant leave to file an amended complaint is a matter within the sound discretion of the circuit court. *Id.*, at 7. Reviewing courts consider four factors when determining whether the circuit court has abused its discretion in denying leave to file an amended complaint. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). Those factors are (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Id.* The plaintiff must meet all four factors, and if the proposed amendment does not state a cognizable claim, a reviewing court need not proceed to consider the remaining factors. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 49.

¶ 25    We conclude that the plaintiff's proposed amendment would not have cured a defect in the pleadings. The plaintiff proposed adding Sharon Hunter as a defendant. However, doing so would not cure any defect in his claim against Orji. Instead, it creates an entirely new cause of action against a different defendant. Moreover, the proposed amendment was not even a complete pleading, instead it reads like an outline of ways in which the plaintiff might amend his complaint. The plaintiff argues that the proposed amendment should have been allowed because Orji "offered all her detailed private information to [Hunter]." The plaintiff identifies no facts which support this allegation of fraud, arguing instead that Orji had the burden of proving that Hunter stole her identity. The plaintiff cites no authority for this proposition of law, and our own research reveals none. A high standard of specificity is imposed on pleadings asserting fraud. *Chatham Surgicore, Ltd. v. Health Care Service Corp.*, 356 Ill. App. 3d 795, 803 (2005). In this case, the plaintiff supported his motion to amend the complaint, not with specific allegations of fact, but with speculation and conjecture presented in outline form. Therefore, we cannot conclude that the circuit court abused its discretion when it denied the plaintiff's motion to reconsider the order striking his amended complaint.

¶ 26    For the foregoing reasons, we dismiss the plaintiff's appeal of the circuit court's summary judgement order, and we affirm the order of the circuit court denying the plaintiff's motion to reconsider the order striking his amended complaint.

¶ 27    Dismissed, in part, and affirmed, in part.